```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA        :

        - against -             :   DECISION AND ORDER

GIOVANNI CASTELLANOS,           :   20 Civ. 2758 (DC)
                                    15 Civ. 3196 (DC)
            Defendant.          :   13 Cr. 40 (DC)

- - - - - - - - - - - - - - - x

APPEARANCES:        GIOVANNI CASTELLANOS
                    Defendant Pro Se
                    DIN: 68000-054
                    USP Lee
                    Jonesville, Virginia 24263
```

**CHIN, Circuit Judge:**

On June 9, 2014, defendant Giovanni Castellanos pleaded guilty to conspiracy to commit robbery in violation of 18 U.S.C. § 1951 and possession of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(i). On October 30, 2014, I sentenced him principally to 240 months' imprisonment on the first count, and 60 months' imprisonment on the second count, to run consecutively. On December 10, 2019, I vacated Mr. Castellanos's count two conviction in light of United States v. Davis, 139 S. Ct. 2319, 2336 (2019), and United States v. Barrett, 937 F.3d 126, 127 (2d Cir. 2019). I also entered an

amended judgment reflecting a conviction on count one only and a revised sentence of 240 months.  (13-cr-40 (DC), Dkt. No. 111).

Proceeding pro se, Mr. Castellanos now moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct the amended judgment, arguing that (1) I erred in failing to also vacate his count one conviction and (2) his lawyer at the time of his guilty plea was ineffective for (a) failing to the raise the crime of violence issue identified in Davis, and (b) advising him that it was in his best interest to waive the statute of limitations challenge to his counts of conviction.[1]  For the reasons set forth below, the motion is **DENIED**.[2]

## BACKGROUND

As set forth in more detail in my 2015 order denying Mr. Castellanos's first habeas petition, see Dkt. 13-cr-40, No. 102, Mr. Castellanos's convictions stem from his participation

---

[1] Mr. Castellanos did not raise the statute of limitations argument in his initial petition to this Court, but he raised it in his petition for leave to file a successive habeas petition with the Second Circuit, which was transferred back to me as unnecessary in light of the amended judgment.  (See 13-cr-40, Dkt. Nos. 112, 115).  Although Mr. Castellanos has not "request[ed] leave from the district court to file an amended § 2255 motion" adding this claim, as instructed by the Second Circuit, Dkt No. 115 at 2, I nonetheless consider the argument.

[2] Because I find that "it plainly appears from the face of the [§ 2255] motion . . . and the prior proceedings in the case that [Mr. Castellanos] is not entitled to relief," I do not order the United States Attorney to file an answer to the instant motion.  See Rules Governing Section 2255 Proceedings for the U.S. Dist. Courts 4(b); Armienti v. United States, 234 F.3d 820, 822-23 (2d Cir. 2000).

in a 2003 drug-related robbery during which he shot and killed one of the victims, Souleymane Kane. (PSR ¶¶ 6, 9; Plea Tr. at 16:18-17:1).

On June 9, 2014, Mr. Castellanos pleaded guilty to two counts, pursuant to a plea agreement: (1) conspiracy to commit robbery in violation of 18 U.S.C. § 1951; and (2) using, carrying, and possessing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Plea Tr. at 18:5-25, 19:1-2).  Although Mr. Castellanos's indictment included a charge under 18 U.S.C § 1111(a), which could have triggered capital punishment under 18 U.S.C. § 924(j) and may be brought at any time, see 18 U.S.C. § 3281, the charges to which Mr. Castellanos pleaded were not capital offenses, and consequently carried a five-year statute of limitations.  See 18 U.S.C. § 3282.  In his plea agreement with the government, however, Mr. Castellanos agreed to waive a statute of limitations defense.  (Plea Tr. at 11:8-12).  At the plea hearing, Mr. Castellanos confirmed his understanding that in waiving the statute of limitations, he "would not be able to argue that the government took too much time to charge [him]." (Plea Tr. at 11:13-17).

On October 30, 2014, I sentenced Mr. Castellanos to a term of imprisonment of 300 months, followed by three years of supervised release. (Sent. Tr. at 10:12-19).  Judgment was

entered on October 31, 2014.  Mr. Castellanos did not appeal his conviction.

On April 17, 2015, proceeding pro se, Mr. Castellanos moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on the grounds of ineffective assistance of counsel.  I denied the petition on July 30, 2015, in part because I determined that there was ample evidence in the record supporting Mr. Castellanos's count one conviction. (Dkt. No. 102 at 7).

On November 26, 2019, Mr. Castellanos again moved pursuant to 28 U.S.C. § 2255, this time represented by new counsel and with the consent of the government, "to vacate his Count Two conviction and 60-month consecutive sentence," in light of Davis and Barrett.  (Dkt. No. 109).  I granted the motion on December 10, 2019, and entered an amended judgment reflecting a conviction on count one only and a 240-month sentence.  (Dkt. Nos. 110-111).

Proceeding pro se, Castellanos filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on April 2, 2020.  (Dkt. No. 112).

## DISCUSSION

Mr. Castellanos's motion is denied.  First, Mr. Castellanos has failed to show error in my entry of the amended

judgment.  Second, Mr. Castellanos fails to show that his counsel (at the time of his guilty plea) was ineffective.

## A. The Amended Judgment

Mr. Castellanos first argues that I erred in vacating only his count two conviction in the amended judgment I entered on December 10, 2019.  In his motion submitted jointly with the government on November 26, 2019, however, Mr. Castellanos's new counsel wrote "the parties agree that this Court should grant Castellanos's motion, vacate his Count Two conviction and consecutive 60-month sentence, and *enter an amended judgment reflecting only a conviction on Count One, and a 240-month sentence*."  (Dkt. No. 109 at 2) (emphasis added).  Thus, I granted Mr. Castellanos precisely the relief he sought.  Moreover, as I stated in my 2015 order denying Mr. Castellanos's first habeas petition, there was ample evidence in the record to support Mr. Castellanos's count one conviction.  Thus, this argument provides no basis for habeas relief.  See United States v. Wellington, 417 F.3d 284, 290 (2d Cir. 2005) ("[B]ecause defendant cannot complain of an error that he himself invited, he is not entitled to relief."); see also Brecht v. Abrahamson, 507 U.S. 619, 633–34 (1993) ("the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness," and "[t]hose few who are ultimately successful in obtaining habeas

relief are persons whom society has grievously wronged and for whom belated liberation is little enough compensation") (internal quotations and alteration omitted)).

**B.     Ineffective Assistance of Counsel**

Mr. Castellanos's additional claims to ineffective assistance of his original counsel also lack merit.  Castellanos argues that his then-counsel was ineffective for (1) failing to raise the crime of violence issue identified in Davis at the time of his guilty plea; and (2) failing to explain the part of his plea agreement that required him to waive a statute of limitations challenge to his counts of conviction.  Because Castellanos cannot show prejudice as to the first ground or deficient performance as to the second, these arguments fail.

**1.     Applicable Law**

To demonstrate ineffective assistance of counsel, a petitioner must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984).  First, "the defendant must show that counsel's performance was deficient," and "fell below an objective standard of reasonableness."  Id. at 687-88.  To prevail, a petitioner must "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"  Id. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).  Thus, "a guilty plea cannot be attacked as based on inadequate legal

advice unless counsel was not 'a reasonably competent attorney' and the advice was not 'within the range of competence demanded of attorneys in criminal cases.'" Id. at 687 (quoting McMann v. Richardson, 397 U.S. 759, 770-71 (1970)).

Second, "the defendant must show that the deficient performance prejudiced the defense." Id. at 687.  Where a petitioner's conviction resulted from his own guilty plea, he must show that "there is a reasonable probability that were it not for counsel's errors, he would not have pled guilty and would have proceeded to trial." United States v. Arteca, 411 F.3d 315, 320 (2d Cir. 2005) (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

### 2. Application

Mr. Castellanos first argues that his counsel at sentencing was ineffective for failing to raise the crime of violence issue identified in Davis.  This argument fails because even if the failure of Mr. Castellanos's counsel to identify the crime of violence issue later held unconstitutional by the Supreme Court in Davis "fell below an objective standard of reasonableness," id. at 688, Davis applies only to his count two conviction, which has since been vacated.  Thus, any deficiency stemming from this failure has been remedied, and Mr. Castellanos cannot show prejudice.

Second, Castellanos argues that his counsel was ineffective for advising him that it was in his best interest to waive the statute of limitations challenge to his count one conviction.  See Pet. to Second Circuit at 8.  He contends that had he not waived the statute of limitations, "he could not have been convicted in a district court."  (Id.).

Mr. Castellanos's argument reflects a misunderstanding of the law, as well as the circumstances that led to his plea conviction.  Before Mr. Castellanos entered into a plea agreement with the government, he was charged with a murder count that had no statute of limitations and for which, had he been convicted at trial, he could have been sentenced to death.  (See Indictment, Dkt. No. 2; see also Dkt. No. 12 (order appointing capital counsel)).  Instead, by agreeing to waive a statute of limitations challenge to lesser charges, Mr. Castellanos was able to obtain a 300-month sentence of imprisonment which now, in light of an intervening change in the law, has been reduced to 240 months.  Thus, the advice of Mr. Castellanos's lawyer that he agree to waive a statute of limitations challenge in exchange for the removal of the death penalty as a potential sentence cannot be said, in light of the evidence of Mr. Castellanos's guilt, to fall outside of "the range of competence demanded of attorneys in criminal cases." Strickland, 466 U.S. at 687 (internal quotation marks omitted);

see also Cullen v. United States, 194 F.3d 401, 404 (2d Cir. 1999) ("A defense lawyer in a criminal case has the duty to advise his client fully on whether a particular plea to a charge appears to be desirable." (internal quotation marks and emphasis omitted)).

Accordingly, because both Castellanos's arguments are meritless, defense counsel's assistance was objectively reasonable, and his performance did not prejudice Castellano's defense.

## CONCLUSION

For the reasons set forth above, Castellanos has failed to show a basis for relief under 28 U.S.C. § 2255. Accordingly, his motion for relief is **DENIED**. Because Castellanos has not made a substantial showing of the denial of a constitutional right, I decline to issue a certificate of appealability. See 28 U.S.C. § 2253 (as amended by the Antiterrorism and Effective Death Penalty Act). I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal taken from this order would not be taken in good faith. The Clerk of Court is respectfully directed to mail a copy of this Order to Mr. Castellanos to the address listed above.

SO ORDERED.

Dated:    New York, New York
          October 26, 2020

                                        S/ Denny Chin_____
                                        DENNY CHIN
                                        United States Circuit Judge
                                        Sitting by Designation